IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



AARON CUMMINGS, §
 §
　　　　Petitioner, §
 §
v. § No. 4:16-CV-786-A
 §
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
　　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Aaron Cummings, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On March 6, 2015, pursuant to a plea agreement in the 396th District Court of Tarrant County, Texas, Case No. 1362455D,

---

[1] Petitioner designates Brad Livingston as the party respondent, however Lorie Davis, director of the Correctional Institutions Division of the Texas Department of Criminal Justice, is the correct respondent. The clerk of court is directed to REMOVE Brad Livingston as the party respondent and designate "Lorie Davis, Director, Texas Department of Criminal Justice, Correctional Institutions Division" as the party respondent.

petitioner pleaded guilty to one count of aggravated sexual assault of a child under 14 years of age and was sentenced to 20 years' confinement. (SHR[2] at 65-77.) As part of the written plea admonishments, petitioner waived his right to appeal, and the trial court signed a certification that he had no right to appeal. (*Id.* at 70-83.) Nevertheless, petitioner filed an untimely notice of appeal on April 21, 2015, which was dismissed by the Second District Court of Appeals of Texas on July 16, 2015, based on the trial court's certification of no right to appeal.[3] (*Id.* at 82-83.) On April 11, 2016, petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[4] (SHR, "Action Taken.") Petitioner filed this federal petition for habeas relief on

---

[2]"SHR" refers to the record of petitioner's state habeas proceeding in WR-85,081-01.

[3]Respondent asserts that petitioner's appeal was dismissed for lack of jurisdiction because the appeal was not timely filed to invoke state-court jurisdiction. (Resp't's Answer at 6.) However, the appellate court's memorandum opinion reflects that the appeal was dismissed based on the trial court's certification that, because it was a plea bargain case, petitioner had no right to appeal. (SHR at 81-83.)

[4]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" in the application reflects the date the application was signed by petitioner. (SHR at 18.) For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

2

August 16, 2016.[5] (Pet. at 10.) In two grounds for relief, petitioner claims that he was not given the Miranda warnings before being interrogated by the police and that his trial counsel was ineffective by failing to file a motion to suppress his statements to police. (Pet. at 6.) Respondent asserts that the petition is barred by the federal statute of limitations.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), Title 28 U.S.C., § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5]Likewise, an inmate's federal habeas petition mailed via the prison mailing system is deemed filed when the document is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."[6] For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time petitioner for filing a timely notice of appeal on Monday April 6, 2015.[7] Therefore, limitations commenced the following day and closed one

---

[6] Relying on *Rodriguez v. Thaler*, 664 F.3d 932 (5th Cir. 2011), respondent asserts that petitioner's judgment of conviction became final on the date he was sentenced given that he waived any and all rights to file a direct appeal as part of his plea bargain agreement. (Resp't's Answer at 6 n.3.) This court has previously rejected this argument. *See Hacker v. Cockrell*, Case No. 4:02-CV-779-Y, 2003 WL 21246073, at *3 (N.D.Tex. Feb. 11, 2003) (limitations period began to run at the expiration of the time for filing a petitioner for discretionary review, even though petitioner's appeal was dismissed pursuant to a waiver of appeal). *See also Jackson v. Director*, No. 4:09-CV-338, 2010 WL: 22096122, at *2 (E.D.Tex. May 11, 2010) (same). Furthermore, although the Fifth Circuit granted a certificate of appealability in *Rodriguez* as to "whether an appellate proceeding that results in a dismissal pursuant to the enforcement of an appeal waiver . . . constitute[s] 'direct review' under § 2244(d)(1)(A)," the court decided the appeal on another ground. *Rodriguez*, 664 F.3d at 953 n.1.

[7] April 5, 2015, was a Sunday.

4

year later on April 5, 2016,[8] absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner's untimely notice of appeal failed to maintain "direct review" of his conviction for purposes of § 2244(d)(1)(A). *See Tharpe v. Quarterman*, No. 4:08-CV-366-A, 2009 WL 1505195, at *2 (N.D.Tex. May 27, 2009); *Alexander v. Stephens*, No. H-13-3051, 2014 WL 580762, at *2 (S.D.Tex. Feb. 13, 2014).

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas application filed on April 11, 2016, after limitations had already expired did not operate to toll the limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely unless petitioner is entitled to equitable tolling.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner claims that

---

[8] 2016 was a leap year.

5

> as an incarcerated prisoner, I think I did my best . . . on filing my Writs and the Court allows prisoners a little leadway [sic], because we don't know the law, like the Courts have lawyers to fight for them when we appeal our cases.

(Pet'r's Reply at 1-2.) However, petitioner's incarceration, lack of knowledge regarding the law, and pro se status, all common problems for prisoners seeking postconviction relief, do not constitute rare and exceptional circumstances that warrant equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Therefore, petitioner's federal petition was due on or before April 5, 2016, and his petition, filed on August 16, 2016, is untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

Public records indicate that petitioner is no longer confined at TDCJ's Tulia unit but is currently confined at the

Roach unit in Childress, Texas. The clerk of court is directed to update petitioner's address of record accordingly.

SIGNED September 7, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE